UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

TRUSTEES OF THE NATIONAL
ORGANIZATION OF INDUSTRIAL
TRADE UNIONS, et al.,

                       Plaintiffs,

        -against-

MIDLAND MANUFACTURING CORP.,

                      Defendant.
--------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 11-1167 (ADS)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Spatt for the purpose

of issuing a report and recommendation as to the appropriate injunctive relief[1] and damages,

including attorney's fees and costs, to be awarded to the plaintiffs. On May 17, 2011, the

plaintiffs, the Trustees of the National Organization of Industrial Trade Unions Insurance Trust

Fund, Noitu Individual Account Plan, and National Organization of Industrial Trade Unions

(collectively "plaintiffs" or "the Fund"), moved for a default judgment against the defendant

Midland Manufacturing Corp. ("defendant" or "Midland"). On May 18, 2011, the Clerk of the

Court entered a notation of default in this matter and, on June 2, 2011, Judge Spatt entered a

default judgment against the defendant. By order dated June 7, 2011, the undersigned directed

the plaintiffs to file papers in support of their damages, which they did.

      Based on the evidence submitted, the undersigned recommends that damages be awarded

---

[1]In the Complaint, plaintiffs seek "a permanent injunction enjoining the Employer from
any further or future violations of this or subsequent collective bargaining agreements with
plaintiff Union, as such agreements apply to the obligation of Employer to plaintiffs herein."
(Compl. ¶ 34.) Plaintiffs do not, however, raise the issue of injunctive relief in their subsequent
submissions and do not provide any support for this claim. Accordingly, the undersigned reports
and recommends that plaintiffs' claim for injunctive relief be denied.

in the amount of $18,462.50, comprising of $18,112.50 in unpaid fringe benefit contributions and $350 in costs.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted). Here, the documentary evidence submitted by the plaintiffs provide the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

### (a) Claim for Damages

The complaint in this action seeks damages for breach of contract in violation of the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, et seq. ("LMRA"). The Funds are jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to the Taft-Hartley Act, 29, U.S.C. § 186(c)(5), and are multi-employer employee benefit plans as defined by ERISA, 29 U.S.C. § 1002(3) and (21)(A) and (37), and were established and maintained pursuant to collective bargaining agreements and Declarations

of Trust. (*See* Compl. ¶¶ 5-6.) The plaintiff Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). (*Id*. ¶ 4.) Defendant was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and a party to a collective bargaining agreement ("CBA") and the Declarations of Trust with the National Organization of Industrial Trade Unions ("Declarations of Trust") (collectively "the Agreements"). (*Id*. ¶¶ 12-13.) Pursuant to the Agreements, defendant is required to make benefit contributions to the Funds for eligible employees. (*Id*. ¶ 13; *see* Stark Aff., dated June 14, 2011, ¶ 3, Ex. A.)[2] In addition, pursuant to Section 3 of Article III of the Declarations of Trust, an employer who fails to timely make the required contributions is required to pay (i) interest on the delinquent contributions; (ii) liquidated damages; and (iii) reasonable attorney's fees and costs and other remedies as provided in Section 502 of ERISA. (*Id*. at ¶ 4, Ex. B.)

The defendant was a signatory to the Agreements between the United Brotherhood of Aluminum and Metal Workers of North America Local No. 16, Affiliated with National Organization of Industrial Trade Unions-IUJAT (the "Union") and the employers who subscribe thereto effective June 1, 2008 to May 31, 2011. (Stark Aff., Ex. A.) The complaint alleges that the defendant failed to make timely payments to the plaintiffs pursuant to that Agreement for the period November 2010 through March 11, 2011, the date of the complaint. *See* Complaint ¶¶ 15, 18, 25. In her affidavit, the Assistant Administrator of the Fund, clarifies that the defendant failed to make necessary contributions for the period November 2010 to June 2011, the date of

---

[2]Ms. Stark is the Fund Assistant Administrator of the National Organization of Industrial Trade Unions Insurance Trust Fund (welfare contributions) and the NOITU Individual Account Plan (retirement contributions).

her affidavit in support of plaintiffs' damages claim. (Starks Aff. at ¶5). According to the remittance reports submitted for that period of time, $21,014.00 in unpaid benefit contributions is due and owing. *See* Starks Aff. at ¶ 5, Exs. A, B, and C. Although the documentation supports the fact that contributions were not made through June 2011, the Agreement provided to the court by the plaintiffs is only effective to May 31, 2011. Thus, the undersigned has subtracted the unpaid contributions for the month of June 2011, and recommends that the plaintiffs be awarded delinquent contributions in the amount of $18,112.50. *See* 29 U.S.C. § 1132(g)(2).

ERISA section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest on unpaid contributions. Here, the plaintiffs contend they are entitled to interest at a rate of six percent per annum on the outstanding and unpaid fringe benefit contributions. *See* Starks Aff. at ¶ 6. However, plaintiffs provide no support for the interest rate sought. The plaintiffs' papers lack any reference to relevant provisions in the agreement and do not provide an explanation of the source of interest rate.[3] Accordingly, the undersigned recommends that an award of interest on unpaid contributions be denied without prejudice to a renewal thereof upon submission of sufficient documentation and recalculation of interest consistent with this report.

---

[3]The undersigned observes that Section XXI (Remedies) of the Agreement provides in pertinent part:

> In the event any amount due from any Employer remains unpaid for thirty (30) days after becoming due, such amounts automatically bear interest commensurate with the current prevailing prime + 2% interest rate as listed in the Wall Street Journal as of that date from the first (1st) day of the month that the payment became due until the total amount due shall be paid together with the interest thereon . . . .

(Starks Aff., Ex. A, Section XXI). The court's independent research reveals the Wall Street Journal Prime Rate as of today is 3.25 and that a year ago it was likewise 3.25.

Plaintiffs are also entitled to liquidated damages "in an amount not in excess of 20% of the principal amount due" pursuant to 29 U.S.C. § 1132(g)(2)(C). *See Trustees of Laborers Union Local 1298 of Nassau and Suffolk Counties, Benefit Funds v. Master Waterproofers, Inc.*, No. 09-CV-2649(JS)(AKT), 2010 WL 3924833, at *6 (E.D.N.Y. Aug. 20, 2010). Specifically, the statute provides that plaintiffs are entitled to liquidated damages in "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in the amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Here, plaintiffs seek an award of liquidated damages at a rate of 20% of the total delinquency in the amount of $4,202.80. However, plaintiffs provide no support for the liquidated damages amount sought. The plaintiffs' papers lack any reference to relevant provisions in the agreement concerning the assessment of liquidated damages and do not provide an explanation of the source of the percentage sought. Moreover, as discussed *supra*, due to plaintiffs' insufficient documentation, the court is unable to determine the interest on unpaid contributions and therefore is unable to ascertain the amount of liquidated damages plaintiffs are entitled to under the statute. *See id.* Accordingly, the undersigned recommends that an award of liquidated damages be denied without prejudice to a renewal thereof upon submission of sufficient documentation (and recalculation) consistent with this report.

### (b)     Attorney's Fees and Costs

In her affidavit, counsel for the plaintiffs seeks an award of $2,000 for reasonable attorneys' fees and $400 in costs. The Fund is entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. §1132(g)(1). In fact, 29 U.S.C. §1132(g)(2) "mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." *Local 348 Health & Welfare Fund v.*

*Milmar Food Group, L.L.C.,* 2006 U.S. Dist. LEXIS 19756 * 14 (E.D.N.Y March 24,

2006)(adopted on April 19, 2006 (ARR)). However, the party seeking reimbursement still bears

the burden of proving the reasonableness and necessity of hours spent and rates charged. *See*

*generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.

1983). To this end, a fee application must be supported by contemporaneous time records that

describe with specificity, by attorney, the nature of the work done, the hours expended, and the

dates. *Id.* at 1147–48. In support of the request for attorneys' fees, the Fund has submitted the

un-notarized affidavit of Danielle M. Carney to which she states the she attaches as Exhibits A

and B, contemporaneous time/billing records and copies of bills submitted in connection with the

costs for this action. However, no such attachments were filed electronically or were submitted

in the courtesy copies submitted by plaintiffs to the court. Based on the Second Circuits decision

in *New York State Ass'n for Retarded Children, Inc. v. Carey,* the undersigned must, therefore,

recommend that the Court deny the Fund's request for an award of attorneys' fees based on their

failure to properly document the application. *Id.* ("any attorney -- whether a private practitioner

or an employee of a nonprofit law office – who applies for court-ordered compensation in this

Circuit for work done after the date of this opinion must document the application with

contemporaneous time records."). In addition, the Fund has not provided any documentation to

support their request for disbursements or costs. Nonetheless, the court will take judicial notice

of the court's filing fee and recommend an award of $350.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date

below. Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the

defendants by certified mail at their last-known addresses, return receipt requested, and to

electronically file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008)*; Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
       December 20, 2011

                                        _____/s/_____
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge